1
2
3
4
5
6
7
8                              **UNITED STATES DISTRICT COURT**
9                              **EASTERN DISTRICT OF CALIFORNIA**
10

| FRANK BLADIMIR MUCHA CONTRERAS, | Case No. 1:26-cv-01545 JLT SAB |
|---|---|
| Petitioner, | ORDER GRANTING THE PETITION FOR HABEAS CORPUS; ORDERING PETITIONER'S IMMEDIATE RELEASE[1]; DENYING RESPONDENTS' MOTION TO DISMISS |
| v. | |
| SERGIO ALBARRAN, et al., | |
| Respondents. | (Docs. 1, 3, 8.) |

### I.   INTRODUCTION

Before the Court for decision is Frank Bladimir Mucha Contreras' request for a temporary restraining order (Doc. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a motion to dismiss the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 8.) Thus, the Court **GRANTS** the petition for writ of habeas corpus and **DENIES** the motion to dismiss.

### II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 8 at 1.) Because the Court orders the immediate release of the petition and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

1   individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)
2   (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the
3   power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or
4   laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens
5   in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*
6   *R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Peru who entered the United States on or about October 09, 2022, at which time he was apprehended by federal immigration officials near El Paso, Texas. (Doc. 1 at 2.) Petitioner was subsequently released on his own recognizance and with a Notice to Appear on November 10, 2022. (*Id*.) Following his release from detention, Petitioner timely filed a Form I-589, Application for Asylum with the immigration court, complied with all the conditions of his release, and maintained a clean criminal record. (*Id*.) On February 14, 2026, Petitioner was arrested when he reported to a routine ICE check-in. (*Id*. at 4.) He is currently being detained at the Mesa Verde ICE Processing Center in Bakersfield, California. (*Id*.)

The government opposes the petition and issuance of preliminary injunctive relief and maintains that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 8.) In taking this position, they cite two non-binding opinions but make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *Id*.; *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025) See e.g., *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Thus, for the reasons set forth, the Court **ORDERS:**

1. The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

2. Respondents are **ORDERED** to release the petitioner **IMMEDIATELY**;

3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: **March 6, 2026**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.